D. Maimon Kirschenbaum
Denise A. Schulman
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

Jeffrey E. Goldman
LAW OFFICES OF JEFFREY E. GOLDMAN
260 Madison Avenue, 15th Floor
New York, NY 10016
212-983-8999
646-693-2289 (fax)

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **JOHN FERRIELLO and JAKE DELLIPAOLI, on behalf of themselves and others similarly situated,** | **CASE NO. 7:25-CV-6435** |
| **Plaintiffs,** | **<u>COMPLAINT</u>** |
| **v.** | **FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION** |
| **TROON GOLF, L.L.C. and TG ADMINISTRATION LLC,** | **DEMAND FOR JURY TRIAL** |
| **Defendants.** | |

Plaintiffs, on behalf of themselves and all others similarly situated, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they

are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

**THE PARTIES**

3. Defendant Troon Golf, L.L.C. is a foreign limited liability company registered to do business in the state of New York.

4. Defendant TG Administration LLC is a foreign limited liability company registered to do business in the state of New York. Upon information and belief, TG Administration LLC is a subsidiary of Troon Golf, L.L.C.

5. Defendants jointly operate the Harrison Meadows Country Club in Harrison, New York ("Harrison Meadows").

6. At all relevant times, each Defendant's annual revenue or gross volume of sales has exceeded $500,000.

7. Each Defendant has employees engaged in interstate commerce and handling, selling, or otherwise working on goods and materials that have been moved in or produced for interstate commerce.

8. Plaintiff John Ferriellло was employed by Defendants as a banquet server at Harrison Meadows from January of 2023 to September of 2024.

9. Plaintiff Jake DelliPaoli was employed by Defendants as a banquet server at Harrison Meadows from March of 2023 to the present.

## FLSA COLLECTIVE ACTION ALLEGATIONS

10. Plaintiffs bring the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all banquet service staff who worked at Harrison Meadows on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

11. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully misappropriating employees' tips. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

12. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names, addresses, and other contact information are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail, email, and text message to the last address, email address, and phone number known to Defendant.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

13. Plaintiffs bring the Second Claim for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all banquet service staff who worked at Harrison Meadows on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

14. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and compensation paid to each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

15. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than fifty (50) members of the Class.

16. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of illegal retaining tips. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

17. Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

18. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

19. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because

doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

20. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants misappropriated Class Members' cash tips.

b) Whether Defendants retained part or all of mandatory service charges/gratuities paid by banquet customers.

**FACTS**

21. Plaintiffs' Consent to Sue forms are attached as Exhibit A.

22. Defendants committed the following alleged acts knowingly, intentionally and willfully.

23. Harrison Meadows is a venue for various types of private events, such as weddings, showers, reunions, birthday parties, holiday parties, and the like.

24. The service staff who work these events, such as captains, servers, and bartenders, include people who are directly employed by Defendants and people who work through a staffing agency called BlueSkye Staffing ("BlueSkye").

25. All of the banquet service staff – whether directly employed by Defendants or working through BlueSkye – are supervised and controlled by Defendants when working private events at Harrison Meadows. These employees work side by side with each other, wear the same uniforms, perform the same job duties, and are subject to the same direct supervision as each other. To the event hosts and guests, it is indiscernible which service staff is employed directly or through BlueSkye.

26. Direct employees of Defendants give all banquet service staff assignments and instructions during private events, and BlueSkye does not have its own supervisor on site at Harrison Meadows.

27. Many of the BlueSkye banquet service staff members who work at Harrison Meadows do so regularly. Defendants' food and beverage manager Matthew Brower has also requested specific BlueSkye staff to work at Harrison Meadows.

28. Defendants also have the power to terminate BlueSkye banquet service staff members from Harrison Meadows, and it has exercised that power. For example, Defendants banned a BlueSkye bartender named Jorge from working at the club.

29. Defendants determined how long the BlueSkye banquet service staff members' shifts at Harrison Meadows lasted.

30. Accordingly, Defendants are employers of both their directly employed banquet service staff and the banquet service staff working through BlueSkye.

31. Many private event hosts pay cash tips for the service staff at the end of their events. These tips are completely discretionary and voluntarily.

32. However, except in rare instances when a host handed money directly to service staff, Defendants' managers, such as food and beverage director Matthew Brower, retained those cash tips rather than distributing them to service staff.

33. For example, Plaintiff DelliPaoli worked an event on April 11, 2025. After the event, a front desk told him that the event host had left an envelope with $1,400 in cash as a gratuity for the service staff.

34. After several weeks passed without receiving any of the cash tips from April 11, 2025, Plaintiff DelliPaoli asked Brower about the tip. Brower disingenuously claimed to have

forgotten about the tip and subsequently gave Plaintiff DelliPaoli a $50 bill. Upon information and belief, Brower did not distribute the remainder of the $1,400 tip from April 11, 2025 to other service staff who worked that event.

35. Brower had hiring, firing, and scheduling authority at Harrison Meadows, for example, he hired a server named Nicoleta, a runner named Wilbur, and a food and beverage assistant named Nina. Brower also fired a server named Brianna, and he set Plaintiffs' and other employees' schedules. Accordingly, Brower was ineligible to receive tips.

36. In mid-May 2025, one of Defendants' event salespeople complained to human resources about managers retaining cash tips. In response to that complaint, human resources directed managers, including Brower, not to retain tips.

37. Following that complaint, on May 18, 2025 a sales assistant gave Plaintiff DelliPaoli $1,100 in cash left as a gratuity for a 40-person event held that day to distribute among the service staff. The assistant told Plaintiff Ferriello that she was doing this at Brower's instruction. This was the first time that cash tips were distributed in this manner.

38. Defendants' private event contract includes a charge that is 18% of other charges and is referred to interchangeably in the contract as a "gratuity" and "service charge."

39. Defendants' private event contract does not include any further explanation of the 18% charge and does not state that it is not a gratuity.

40. Even though the contract refers to the 18% charge as a gratuity and service charge, Defendants retain that charge and do not distribute it to the banquet service staff who work an event.

41. Defendants committed the foregoing acts against Plaintiffs, FLSA Collective Plaintiffs, and Class Members.

**FIRST CLAIM FOR RELIEF**
**(FLSA Tip Misappropriation, 29 U.S.C. § 201, *et seq.***
**Brought by Plaintiffs on Behalf of Themselves**
**and the FLSA Collective Plaintiffs)**

42. Plaintiffs reallege and incorporate by reference all previous paragraphs.

43. Defendants willfully allowed their managers to unlawfully retain FLSA Collective Plaintiffs' cash tips.

44. As a result of Defendants' unlawful conduct, Plaintiffs and the FLSA Collective Plaintiffs are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, post-judgment interest, and costs and attorneys' fees.

**SECOND CLAIM FOR RELIEF**
**(New York Tip Misappropriation, N.Y. Lab. L. § 196-d**
**Brought by Plaintiffs on Behalf of Themselves and the Class)**

45. Plaintiffs reallege and incorporate by reference all previous paragraphs.

46. Defendants retained and/or misappropriated Class Members' tips, including cash tips and the mandatory service charge/gratuity.

47. As a result of Defendants' unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and members of the Class, pray for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state

claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiffs as Representatives of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 198, and other applicable statutes;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
August 5, 2025

Respectfully submitted,

By: /s/ D. Maimon Kirschenbaum

D. Maimon Kirschenbaum
Denise A. Schulman
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 981-9587

Jeffrey E. Goldman
LAW OFFICES OF JEFFREY E. GOLDMAN
260 Madison Avenue, 15th Floor
New York, NY 10016
Tel: 212-983-8999
Fax: 646-693-2289

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.